UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GUSTAVO CONTRERAS ESTRADA,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN NEVEN, et al.,<br><br>Defendants. | Case No. 2:17-cv-02664-KJD-CWH<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the court on pro se plaintiff Gustavo Contreras Estrada's failure to comply with the court's order (ECF No. 11).

On February 8, 2019, the court entered an order permitting Mr. Estrada to attend the Inmate Early Mediation Conference via telephone because he was deported to Mexico. (Order (ECF No. 11).) The court further ordered Mr. Estrada to file written notification of his updated mailing address and telephone number given that he no longer resides in the United States. (*Id.* at 2.) Mr. Estrada's court-ordered deadline for doing so was March 7, 2019. (*Id.*) The court expressly cautioned Mr. Estrada that failure to comply with the order would result in dismissal of the case or other sanctions under Local Rule IA 3-1.[1] (*Id.*) This deadline has expired, and Mr. Estrada has not updated his contact information, requested an extension to do so, or filed any other documents in the case.

---

[1] Under the court's local rules, failure to immediately file with the court written notification of any change of mailing address and other contact information may result in sanctions, including dismissal of the action. *See* LR IA 3-1; *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (affirming district court's dismissal for noncompliance with local rule); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming district court's dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address).

The purpose of the Federal Rules of Civil Procedure is to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The rules provide several mechanisms that allow courts to accomplish this goal using sanctions against parties that fail to comply with court orders or that unnecessarily multiply proceedings. Federal Rule of Civil Procedure 16 is the central pretrial rule that authorizes courts to manage their cases "so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement is facilitated." *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). Specifically, Rule 16(f) "puts teeth into these objectives by permitting the judge to make such orders as are just for a party's failure to obey a scheduling or pretrial order, including dismissal." *Id.*

Rule16(f) provides in relevant part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling order or other pretrial order." Fed. R. Civ. P. 16(f)(1). Potential sanctions under Rule 37(b)(2)(A) include dismissing the action. Fed. R. Civ. P. 37(b)(2)(A)(v). In determining whether to impose the sanction of dismissal, a court must weigh: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) public policy favoring disposition of cases on the merits; and (5) availability of less drastic sanctions. *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. *See Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (district courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case). Mr. Estrada's failure to comply with the court's order has resulted in unnecessary delay and has burdened the court's docket. The third factor, risk of prejudice to the defendants, weighs in favor of dismissal because Mr. Estrada's failure to comply with the court's order has made it impossible for the case to move forward and impairs defendants' ability to go to trial and obtain a rightful decision in the case. *See Adriana Int'l Corp.*

1  *v. Thoeren*, 913 F.2d 1406, 1413 (9th Cir. 1990).  The court expressly warned Mr. Estrada of the
2  possibility of dismissal as a sanction for his failure to comply with the court's order and there is
3  no indication he will comply with the court's order, thereby satisfying the fifth factor's
4  requirement that the court consider less drastic alternatives.  *See Malone v. U.S. Postal Serv.*, 833
5  F.2d 128, 131–32 (9th Cir. 1987).  The fourth factor, the public policy favoring disposition of
6  cases on their merits, is outweighed by the other factors favoring dismissal.  As a result, the court
7  will recommend dismissal of the case.

IT IS THEREFORE RECOMMENDED that this case be DISMISSED without prejudice based on Mr. Estrada's failure to respond to the court's February 8, 2019, order requiring him to update his contact information.

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: March 29, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE